Gabriel M. Ramsey
gramsey@crowell.com
Amanda Z. Saber
asaber@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800

Jennie Wang VonCannon
jvoncannon@crowell.com
CROWELL & MORING LLP
515 S. Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750

Garylene Javier (*admitted pro hac vice*)
gjavier@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2500

Attorneys for Plaintiff CHEGG, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEGG, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | Case No. 3:22-cv-07326-CRB <br><br> **PLAINTIFF CHEGG, INC.'S MOTION TO SHORTEN TIME FOR REPLY AND REQUEST FOR EXPEDITED HEARING** <br><br> Proposed Hearing Date: June 23, 2023 <br> Time: 10:00 a.m. <br> Judge: Charles R. Breyer <br> Courtroom: 6, 17th Floor |

**PLEASE TAKE NOTICE** that pursuant to Local Rule 6-3, Plaintiff Chegg, Inc. ("Chegg") respectfully requests that the Court grant its request to shorten time to file its reply in support of its Motion for Preliminary Injunction (the "PI Motion"), and requests an expedited hearing on the PI Motion.

This Motion is based upon the PI Motion and the Declarations of John Heasman and Anna Saber in Support of the PI Motion, which are concurrently filed.

## I. INTRODUCTION

Chegg respectfully requests that, after Defendant's fourteen-day period to oppose Chegg's PI Motion lapses, *see* Civ. L. R. 7-3(a), the Court grant an order to shorten the time for Chegg's reply to less than the seven days allowed by Civ. L. R. 7-3(c), to June 19, 2023.

Chegg also respectfully requests that the Court grant an expedited hearing on June 23, 2023 (less than the thirty-five days outlined per Civ. L. R. 7-2(a)), on Chegg's PI Motion. Shortened time and an expedited hearing on the PI Motion is necessary in order to obtain immediate injunctive relief to disrupt Defendant's illegal operation that causes Chegg irreparable harm.

## II. DISCUSSION

### A. Defendant's Ongoing Illegal Activities Cause Chegg Irreparable Harm

As detailed in the underlying PI Motion, Chegg suffers from ongoing irreparable harm as Defendant continues to engage in illegal operations by circumventing Chegg's technical safeguards, damages the Chegg brand through false and improper association, and puts users at risk of misuse of contact information and of being defrauded. There is no substantial harm to the Defendant to shorten Chegg's period to reply given that this does not affect Defendant's ability to exercise the full fourteen days allotted to Defendant to oppose the PI Motion as permitted under Civ. L. R. 7-3(a). In contrast, however, there is ongoing irreparable harm to Chegg in the prolonged pursuit of injunctive relief.

Defendant currently operates the domain homeworkify.net ("Homeworkify"), which provides individuals who want access to millions of pieces of proprietary content developed by Chegg (the "Chegg Content") with the means to access such content outside of the Chegg website and its associated login and payment infrastructure. Declaration of John Heasman ("Heasman Decl.") ¶¶ 3, 17. Chegg has attempted to use technical means to prevent Defendant's dissemination of Chegg Content on Homeworkify. However, based on Chegg's investigation, much like a game of Whac-A-Mole, Defendant has repeatedly circumvented these technical

measures and continues the abuse of Chegg Content on Homeworkify at scale. *Id.* ¶ 26. Defendant and Defendant's scheme are far more sophisticated than prior or similar incidents that Chegg has addressed to date, and Defendant has demonstrated an unwavering commitment to circumventing technical measures implemented by Chegg to halt Defendant's activities. *Id.* ¶ 29.

During Chegg's investigation of Homeworkify, Chegg found evidence that at one point Defendant systematically and purposefully used Chegg's trademark and brand in connection with Homeworkify, in order to attract users to Defendant's unauthorized site and infrastructure. *Id.* ¶ 31. For users and the public in general, Chegg's trademark and brand is injured both because Chegg is associated with an unlawful operation by them, and because of the risk that some users may incorrectly attribute a relationship between Chegg and Homeworkify. *Id.* ¶ 36.

Homeworkify leverages a user's interest in seeking out Chegg Content and, during Chegg's investigation, Chegg observed Homeworkify requiring users to provide personal information, including their email addresses, directly to Homeworkify before allowing them to use the Homeworkify website featuring stolen Chegg Content. *Id.* ¶ 39. Individuals' legitimate contact information is a valuable commodity to malicious actors who would exploit such information for financial gain. *Id*. Such unsuspecting users are often the target of cybercriminals that blackmail and extort money from them. Given Defendant's actions with respect to stealing Chegg's intellectual property for Homeworkify, it follows that any user providing information to Homeworkify is at risk. *Id*.

By exploiting the legitimacy of Chegg, Homeworkify induces users to grant it their trust, based on the representation that the resources on the site are merely free versions of Chegg Content and by leveraging Chegg's brand and trademarks. In reality, these types of sites are nothing like Chegg, which actively protects its users and their privacy and security. *Id.* ¶ 42.

The ongoing harm to Chegg has reached the point where it is necessary to request a preliminary injunction to order the timely transfer of the Homeworkify domain name away from Defendant, who would otherwise continue to damage Chegg irreparably with impunity.

Multiple attempts to reach Defendant to cease and desist Defendant's injurious activities have failed, and Defendant remains unresponsive to any contact and has not responded to

previous pleadings filed in the matter. Chegg anticipates a continued lack of response to Chegg's PI Motion and is therefore eager to reduce the time it must wait to pursue injunctive relief.

### B. Previous Time Modifications

Chegg has not previously requested time modifications in this action.

### C. Effect of the Requested Time Modification on the Case Schedule

Shortening Chegg's time to reply to an opposition will not affect any other deadlines as none have been set by the Court. As no other case deadlines will be affected, Defendant would not be prejudiced by this shortening of Chegg's time to reply.

### D. Chegg Seeks Expedited Hearing on the PI Motion

The Civil Local Rules require that "all motions [] be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." Civ. L. R. 7-2(a). Accordingly, with a filing date of June 2, 2023, the earliest date Chegg's PI Motion could be heard in this Court is Friday, is July 7, 2023. However, given the ongoing and substantial harm to Chegg as outlined above and in the PI Motion, should the Court deem it appropriate to hear oral argument on Chegg's PI Motion, Chegg respectfully requests that the hearing be set on an expedited basis for Friday, June 23, 2023, at 10:00 a.m., or as soon as the matter may be heard.

## III. CONCLUSION

For the reasons stated above, Chegg respectfully requests that the Court grant this motion for an order shortening time to file a reply and for an expedited hearing on Friday, June 23, 2023, if any is set by the Court, on Chegg's underlying PI Motion.

Dated: June 2, 2023                           CROWELL & MORING LLP

                                              By: */s./ Gabriel M. Ramsey*
                                              Gabriel M. Ramsey
                                              Jennie Wang VonCannon
                                              Amanda Z. Saber
                                              Garylene Javier

                                              Attorneys for Plaintiff CHEGG, INC.