COOLEY LLP
JOHN H. HEMANN (165823)
(jhemann@cooley.com)
RYAN C. STEVENS (306409)
(rstevens@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

TIANA DEMAS (Admitted p*ro hac vice*)
(tdemas@cooley.com)
110 N. Wacker Drive, 42nd Floor
Chicago, IL 60606
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598

Attorneys for Plaintiff
CHEGG, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEGG, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIKASA SWAMI, A/K/A @THEVIIKASH, AND JOHN DOES 1-3, <br><br> Defendants. | Case No. 3:22-cv-07326-CRB <br><br> **CASE MANAGEMENT STATEMENT** <br><br> Hon. Charles R. Breyer |

Plaintiff Chegg Inc, ("Chegg" or "Plaintiff") submits this CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Chegg respectfully requests that the Court continue the conference by sixty (60) days.

1. **Jurisdiction & Service**

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, based on Chegg's trademark claims under the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)) and its claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. For all other claims, the Court has supplemental jurisdiction under 29 U.S.C. § 1367 because those claims arise out of a common nucleus of operative facts. Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Chegg and Defendants are residents of different countries and the amount in controversy exceeds $75,000.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the harm to Chegg occurred in this district.

Defendant Vikasa Swami has been served in accordance with the means for alternative service defined by the court in its Order Granting Preliminary Injunction (the "Order"). Dkt. 66. Counsel for Chegg sent copies of the amended complaint, summons, and Order to Defendant Swami at the following email addresses: vik90571@gmail.com. Defendants have not responded to the Amended Complaint or entered an appearance in this case.

2. **Facts**

The relevant facts are set forth in Chegg's prior Case Management Statement. Dkt. 55. On August 16, 2023, Chegg filed both an amended complaint, Dkt. 46, and a renewed motion for preliminary injunction, Dkt. 48. The Court heard Chegg's arguments on its renewed motion on October 27, 2023, Dkt. 62, and issued its order granting the preliminary injunction on November 7, 2023 (the "Order"), Dkt. 66.

The Order granted Chegg's request for alternative service on Defendant Swami and granted Chegg a preliminary injunction ("PI") enjoining Defendants from continuing their illegal activity and operating Homeworkify and the Redirect Sites. Additionally, the Order requires U.S.-based

website registries and registrars to transfer any '.com' or '.net' domains listed in Appendix A (the document naming the registries, registrars, and domains subject to the Order) to Chegg for a period of 30 days. The Order did not authorize alternative service on the Doe Defendants.

On November 9, 2023, within two days of the Court issuing its Order, Chegg discovered that Homeworkify.eu had already changed its domain to Homeworkify.st. Chegg anticipates that Defendants will continue to move the website to frustrate enforcement of the PI and flout the Court's Order. Because of such moves, Chegg also anticipates that it will return to the Court seek amendment of the PI to cover Homeworkify.st and the relevant registries and registrars, the identities of which Chegg only learned today. Chegg is amenable to referring this matter to the assigned magistrate judge to facilitate review of such motions, if the Court determines that is appropriate.

On November 10, 2023, Chegg sent the Order and Appendix A to Cloudflare and Namecheap, the U.S.-based companies which provide network services to Homeworkify and the Redirect Sites. Cloudflare responded on November 21, 2023 that it could not comply with the Order because "the pass-through nature of its services" does not give Cloudflare control over website content or the ability to alter or remove content on websites. Cloudflare also stated it did not have "knowledge of the people or entities who post any specific content to a website." Chegg has not yet received a response from Namecheap. On December 1, 2023, in response to a follow-up request for information about the hosting providers for Homeworkify.st, Cloudflare provided the names of the relevant hosting providers.

On November 20, 2023, Chegg served Verisign, the U.S.-based hosting provider for Homeworkify.com and Homeworkify.net, with the Order and Appendix A. Verisign confirmed its full compliance with the Order on November 22, 2023. On November 30, 2023, Chegg verified that Homeworkify.com and Homeworkify.net had been placed in the control of Chegg's account at MarkMonitor in accordance with the Court's Order.

3. **Legal Issues**

Given Defendants' failure to respond to the Complaint, there are no disputed legal issues at this time.

4.  **Motions**

On August 16, 2023 Chegg filed a Motion for a Preliminary Injunction and Alternative Service. Dkt. 48.  The Court held the hearing on Chegg's Motion for a Preliminary Injunction and Alternative Service on October 27, 2023, Dkt. 62, and issued an order granting the preliminary injunction on November 7, 2023, Dkt. 66.

Chegg intends to file a motion to amend the scope of relief contained with the preliminary injunction to address the relocation of Homeworkify.eu to Homeworkify.st, among other things. Chegg also intends to file a motion for a default judgment and to make the injunction permanent against Defendant Swami if he continues to fail to respond to the Amended Complaint.

5.  **Amendment of Pleadings**

In accordance with Fed. R. Civ. P. 15(a) and given that Defendants have not served a responsive pleading, Chegg proposes that no deadline for amending the pleadings be set at this time.

6.  **Evidence Preservation**

Chegg has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will confer with counsel regarding document preservation as required by those guidelines once both the Doe Defendants and Vikasa Swami have retained counsel.

7.  **Disclosures**

In view of Defendants' failure to appear in this litigation or respond to the Amended Complaint, the exchange of disclosures would be premature. Chegg will confer with counsel regarding Initial Disclosures if the Doe Defendants and/or Defendant Swami retain counsel.

8.  **Discovery**

Chegg has conducted limited third-party discovery to date. In view of Defendants' failure to appear in this litigation or respond to the Amended Complaint, a proposed discovery plan would be premature.

9. **Class Actions**

This is not a class action lawsuit, and no class action is contemplated.

10. **Related Cases**

No related cases exist.

11. **Relief**

Chegg seeks the equitable relief and compensatory damages as set forth in Chegg's Amended Complaint. Specifically, Chegg seeks:

    A. Judgement in favor of Chegg and against Defendants;

    B. A declaration that Defendants have engaged in acts or practices that violate the Computer Fraud and Abuse Act, California Comprehensive Computer Access and Fraud Act, the Lanham Act, California's Unfair Competition Law, and that they are in breach of contract;

    C. A declaration that Defendants have violated Chegg's trademarks;

    D. A declaration that Defendants' conduct has been willful, and that Defendants have acted with fraud, malice, and oppression'

    E. Permanent injunction enjoining Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complaint of herein and from assisting, aiding, or abetting any of the activity complained of herein or from causing any of the injury complained of herein;

    F. Permanent injunction requiring the hosting providers of Homeworkify and the Redirect Sites to dismantle the sites by transferring control of their domains to Chegg, or, in the alternative, shutting down Homeworkify and the Redirect Sites; and

    G. Award of appropriate equitable relief under applicable statutes and laws, including injunctive relief and an accounting of profits.

12. **Settlement and ADR Prospects for settlement**

The identity of multiple Doe Defendants is presently unknown, and as such no progress has been made regarding settlement or ADR. Chegg believes it is premature to discuss potential settlement or ADR.

13. **Other References**

This case is not presently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

Presently, no issues can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

15. **Expedited Trial Procedure**

Chegg does not believe this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

16. **Scheduling**

In view of Defendants' failure to appear in this litigation or respond to the original Complaint or the Amended Complaint, Plaintiff does not believe a case schedule is necessary at this time.

17. **Trial**

In view of Defendants' failure to appear in this litigation or respond to the original Complaint or the Amended Complaint, Plaintiff does not believe a trial plan is necessary. Should trial become necessary, Plaintiff requests a jury trial and anticipates a five-day trial.

18. **Disclosure of Non-party Interested Entities or Persons**

Chegg has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Dkt. 19.

19. **Professional Conduct**

All attorneys representing Chegg have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other**

Chegg is currently unaware of any other matters that might facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: December 1, 2023

COOLEY LLP

By:  /s/ *John Hemann*
       John Hemann

Attorneys for Plaintiff
CHEGG, INC.