COOLEY LLP
JOHN H. HEMANN (165823) (jhemann@cooley.com)
RYAN C. STEVENS (306409) (rstevens@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

TIANA DEMAS
(tdemas@cooley.com) (*Admitted pro hac vice*)
110 N. Wacker Drive, 42nd Floor
Chicago, IL  60606
Telephone:    +1 312 881 6500
Facsimile:    +1 312 881 6598

RONAN A. NELSON (346553) (rnelson@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

Attorneys for Plaintiff
Chegg, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHEGG, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>VIKASA SWAMI, A/K/A @THEVIIKASH, AND JOHN DOES 1-3,<br><br>            Defendants. | Case No. 3:22-cv-07326-CRB<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Hon. Charles R. Breyer |

Plaintiff Chegg Inc, ("Chegg" or "Plaintiff") submits this CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. Chegg respectfully requests that the Court continue the conference by sixty (60) days.

1. **Jurisdiction & Service**

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, based on Chegg's trademark claims under the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)) and its claims under the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq*). For all other claims, the Court has supplemental jurisdiction under 29 U.S.C. § 1367 because those claims arise out of a common nucleus of operative facts. Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Chegg and Defendants are residents of different countries and the amount in controversy exceeds $75,000.

Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the harm to Chegg occurred in this district.

Defendant Vikasa Swami has been served in accordance with the means for alternative service defined by the court in its Order Granting Preliminary Injunction (the "Order"). Dkt. 66. Counsel for Chegg sent copies of the amended complaint, summons, and Order to Defendant Swami at the following email addresses: vik90571@gmail.com. The identity of Does 1-3 remains unknown. Defendants have not responded to the Amended Complaint or entered an appearance in this case.

2. **Facts**

The relevant facts are set forth in Chegg's prior Case Management Statements. Dkts. 55, 70. On August 16, 2023, Chegg filed both an amended complaint, Dkt. 46, and a renewed motion for preliminary injunction, Dkt. 48. The Court heard Chegg's arguments on the renewed motion on October 27, 2023, Dkt. 62, and issued the Order on November 7, 2023, Dkt. 66. The Court later expanded the relief contained in the Order by issuing Chegg a Temporary Restraining Order ("TRO") on January 12, 2024, Dkt. 74, which was converted to a Preliminary Injunction on February 12, 2024, Dkt. 79.

On November 24, 2023 at 1:02 AM Pacific Standard Time, Chegg's CEO, Chegg's press mailbox, Chegg's copyright agent mailbox, and a Cooley associate (who had served court papers on Defendants in this action) received an email from "martinzdaniel432[@]protonmail.com.".[1] The sender of the email identified himself as "Martinez Daniel," indicated he controlled Homeworkify, and requested "10 million USD" in exchange for providing: "1. Source code we used for sending Requests to your API. 2. Detailed reporting of every bug we identified till this date. 3. Chat support (over telegram, anydesk). For explaining the bug." As "a bonus," Martinez Daniel offered to "transfer the homeworkify website to your company. Domains including (homeworkify.net, homeworkify.eu, homeworkify.st)." Chegg promptly informed law enforcement.

Chegg responded to Martinez Daniel's email in an attempt to gather more information. Martinez Daniel provided credible evidence that he controls Homeworkify. When asked to make changes to Homeworkify's website and send a screen recording, Martinez Daniel did so. Martinez Daniel informed Chegg that he is based in the Philippines, though he would not pr. Notably, the Google AdSense account associated with Homeworkify[.]net lists a bank account in the Philippines with the subscriber name "Gracecell Lopez." Dkt. 35-15. Martinez Daniel has refused to provide additional identifying information. He also has refused to shut down Homeworkify unless Chegg pays him millions of dollars.

Chegg does not know if "Martinez Daniel" is the true name of the person behind the email address martinzdaniel432[@]protonmail.com, but notes that this person's English is different from Defendant Vikasa Swami's. As noted in Chegg's prior submissions, multiple people appear to work together to run Homeworkify.

3.  **Legal Issues**

Given Defendants' failure to respond to the Complaint, there are no disputed legal issues at this time.

4.   **Motions**

---

[1] This email address was previously provided by Namecheap in response to a subpoena for subscriber records associated with Homeworkify.net.

Chegg intends to file a motion for a default judgment and to make the injunction permanent against Defendant Swami if he continues to fail to respond to the Amended Complaint. Chegg may also file a motion to expand the relief issued by the Court in the Order to include new websites created by defendants.

5. **Amendment of Pleadings**

In accordance with Fed. R. Civ. P. 15(a), and given that Defendants have not served a responsive pleading, Chegg proposes that no deadline for amending the pleadings be set at this time.

6. **Evidence Preservation**

Chegg has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and will confer with counsel regarding document preservation as required by those guidelines once both the Doe Defendants and Vikasa Swami have retained counsel.

7. **Disclosures**

In view of Defendants' failure to appear in this litigation or respond to the Amended Complaint, the exchange of disclosures would be premature. Chegg will confer with counsel regarding Initial Disclosures if the Doe Defendants and/or Defendant Swami retain counsel.

8. **Discovery**

Chegg has conducted limited third-party discovery to date. In view of Defendants' failure to appear in this litigation or respond to the Amended Complaint, a proposed discovery plan would be premature.

9. **Class Actions**

This is not a class action lawsuit, and no class action is contemplated.

10. **Related Cases**

No related cases exist.

11. **Relief**

Chegg seeks the equitable relief and compensatory damages as set forth in Chegg's Amended Complaint. Specifically, Chegg seeks:

A. Judgement in favor of Chegg and against Defendants;

B. A declaration that Defendants have engaged in acts or practices that violate the Computer Fraud and Abuse Act, California Comprehensive Computer Access and Fraud Act, the Lanham Act, California's Unfair Competition Law, and that Defendants are in breach of contract;

C. A declaration that Defendants have violated Chegg's trademarks;

D. A declaration that Defendants' conduct has been willful, and that Defendants have acted with fraud, malice, and oppression;

E. Permanent injunction enjoining Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from engaging in any of the activity complaint of herein and from assisting, aiding, or abetting any of the activity complained of herein or from causing any of the injury complained of herein;

F. Permanent injunction requiring the hosting providers of Homeworkify and the Redirect Sites to dismantle the sites by transferring control of their domains to Chegg, or, in the alternative, shutting down Homeworkify and the Redirect Sites; and

G. Award of appropriate equitable relief under applicable statutes and laws, including injunctive relief and an accounting of profits.

12. **Settlement and ADR Prospects for settlement**

The identity of multiple Doe Defendants is presently unknown, and as such no progress has been made regarding settlement or ADR. Chegg believes it is premature to discuss potential settlement or ADR.

13. **Other References**

This case is not presently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues**

Presently, no issues can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

15. **Expedited Trial Procedure**

Chegg does not believe this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

16. **Scheduling**

In view of Defendants' failure to appear in this litigation or respond to the original Complaint or the Amended Complaint, Plaintiff does not believe a case schedule is necessary at this time.

17. **Trial**

In view of Defendants' failure to appear in this litigation or respond to the original Complaint or the Amended Complaint, Plaintiff does not believe a trial plan is necessary. Should trial become necessary, Plaintiff requests a jury trial and anticipates a five-day trial.

18. **Disclosure of Non-party Interested Entities or Persons**

Chegg has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Dkt. 19.

19. **Professional Conduct**

All attorneys representing Chegg have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. **Other**

Chegg is currently unaware of any other matters that might facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: March 1, 2024

COOLEY LLP

By: */s/ John Hemann*
    John Hemann

Attorneys for Plaintiff
Chegg, Inc.

298693427